IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| STATE FARM FIRE AND CASUALTY COMPANY, an Illinois corporation,<br><br>Plaintiff,<br><br>vs.<br><br>RUSSELL K. MIYA,<br><br>Defendant. | CIVIL NO. 12-00487 LEK-BMK |

**ORDER GRANTING PLAINTIFF’S MOTION FOR SUMMARY JUDGMENT**

Before the Court is Plaintiff State Farm Fire and Casualty Company’s (“State Farm”) Motion for Summary Judgment (“Motion”), filed on March 19, 2013. Pro se Defendant Russell K. Miya (“Defendant”) did not respond to the Motion, and, on May 20, 2013, State Farm filed a reply noting Defendant’s failure to respond to the Motion. The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawai’i (“Local Rules”). After careful consideration of the Motion and the relevant legal authority, State Farm’s Motion is HEREBY GRANTED for the reasons set forth below.

**BACKGROUND**

State Farm filed its Complaint for Declaratory Judgment (“Complaint”) on August 30, 2012. State Farm asserts that there

is diversity jurisdiction because State Farm is an Illinois corporation with its principal place of business in Illinois, Defendant is a citizen of Hawai'i, and the amount in controversy exceeds $75,000. [Complaint at ¶¶ 1-4.]

The Complaint seeks a declaratory judgment that State Farm has no duty to defend or indemnify Defendant in Shimanishi v. Miya, et al.,[1] Civil No. 12-1-1546-06 RAN, Circuit Court of the First Circuit, State of Hawai'i ("the Underlying Action").

## I. Factual Background

State Farm issued a Homeowner's Policy, policy number 51-BN-6306-8, to Defendant and his wife that was in effect from May 22, 2011 to May 22, 2012 ("the Policy"). [State Farm's Separate Concise Statement of Undisputed Facts in Supp. of Motion ("State Farm CSOF"), filed 3/19/13 (dkt. no. 14), at ¶ 5 (citing State Farm CSOF, Decl. of Julie Quinn, Exh. 2 (Policy)).]

Russell K. Miya is named as a defendant in Shimanishi v. Miya, et al. [State Farm CSOF at ¶ 1 (citing State Farm CSOF, Decl. of Richard B. Miller, Exh. 1 (Shimanishi Complaint)).] The Shimanishi Complaint alleges that, on November 25, 2011, Harumi Shimanishi and Defendant were among others surfing at Alii Beach Park in Haleiwa, Oahu. Shimanishi and Defendant caught the same wave and, in the course of riding the wave, collided or came close to colliding with each other. Defendant punched Shimanishi

[1] The Court will refer to the complaint in Shimanishi as the "Shimanishi Complaint."

several times in the face and head. Defendant did not provide a warning and acted without Shimanishi's consent. Shimanishi defended himself and did not retaliate against Defendant. [Shimanishi Complaint at ¶¶ 5-8.]

The Shimanishi Complaint alleges that, as direct consequences of Defendant's acts, Shimanishi suffered severe and permanent physical injuries, including facial fractures, partial vision loss, facial nerve damage and cervical spine injuries. Shimanishi also alleges that he suffered emotional injuries and pecuniary damages. [Id. at ¶ 10.]

The Shimanishi Complaint alleges that Defendant's acts constitute the intentional tort of assault and battery. [Id. at ¶ 9.] Shimanishi therefore seeks from Defendant: general, special, and punitive damages; attorney's fees and costs; and any other appropriate relief. [Id. at pgs. 2-3.]

Defendant tendered the defense of the claims against him in the Underlying Action to State Farm, which is defending him pursuant to a reservation of rights. [Complaint at ¶ 19.]

**II. Motion**

In the instant Motion, State Farm argues that the assault and battery claims asserted against Defendant in the Underlying Action did not arise from an "occurrence" as that term is defined in the Policy. State Farm also argues that, even assuming, *arguendo*, that the alleged assault and battery arose from an "occurrence" under the Policy, coverage for the

underlying claims is precluded by the Policy's exclusion for bodily injury intended or expected by the insured. [Mem. in Supp. of Motion at 1.]

State Farm emphasizes that the Shimanishi Complaint does not allege a claim of negligence or other absence of due care. Rather, the Underlying Action is limited to the intentional assault and battery. [Id. at 3.]

State Farm points out that the insuring language in the Policy is contained in State Farm Form 7955 which states, in pertinent part:

> SECTION II- LIABILITY COVERAGES
>
> COVERAGE L- PERSONAL LIABILITY
>
> If a claim is made or a suit is brought against an insured for damages because of bodily injury or property damage to which this coverage applies, caused by an occurrence, we will:
>
> 1. pay up to our limit of liability for the damages for which the insured is legally liable; and
>
> 2. provide a defense at our expense by counsel of our choice. We may make any investigation and settle any claim or suit that we decide is appropriate. Our obligation to defend any claim or suit ends when the amount we pay for damages, to effect settlement or satisfy a judgment resulting from the occurrence, equals our limit of liability.

[Policy at 29 (emphases omitted).[2]]

---

[2] The Policy consists of multiple documents. The Court's page citations refer to the consecutive page numbers, which State Farm apparently added to the exhibit.

In addition, Section II, entitled “Exclusions”, states, in pertinent part:

> 1. Coverage L and Coverage M do not apply to:
>
> a. Bodily injury or property damage:
>
> (1) which is either expected or intended by the insured; or
>
> (2) which is the result of the willful and malicious acts of the insured;
>
> . . . .
>
> h. bodily injury to you or any insured within the meaning of part a. or b. of the definition of insured.
>
> This exclusion also applies to any claim made or suit brought against you or any insured to share damages with or repay someone else who may be obligated to pay damages because of the bodily injury sustained by you or any insured within the meaning of part a. or b. of the definition of insured[.]

[Id. at 30-31 (emphases omitted).]

The Policy includes the following relevant definitions:

> “You” and “your” mean the “named insured” shown in the Declarations. Your spouse is included if a resident of your household. “We,” “us,” and “our” mean the Company shown in the Declarations.
>
> Certain words and phrases are defined as follows:
>
> 1. “bodily injury” means physical injury, sickness, or disease to a person. This includes required care, loss of services and death resulting therefrom.
>
> Bodily injury does not include:
>
> . . . .
>
> c. emotional distress, mental

> anguish, humiliation, mental distress, mental injury, or any similar injury unless it arises out of actual physical injury to some person.
>
> . . . .
>
> 4. "insured" means you and, if residents of your household:
>
>    a. your relatives; and
>
>    b. any other person under the age of 21 who is in the care of a person described above.
>
>    . . . .
>
> 7. "occurrence", when used in Section II of this policy, means an accident, including exposure to conditions, which results in:
>
>    a. bodily injury; or
>
>    b. property damage;
>
>    during the policy period. Repeated or continuous exposure to the same general conditions is considered to be one occurrence.

[Id. at 15-16 (emphases omitted).]

The Policy is modified by the "Personal Injury Endorsement", which states, in pertinent part:

> DEFINITIONS
>
> The following is added to "occurrence":
>
> Occurrence also means the commission of an offense, or series of similar offenses, which result in personal injury during the policy period.

The following definition is added:

> "Personal injury" means injury arising out of one or more of the following offenses:
>
> 1. False arrest, false imprisonment, wrongful eviction, wrongful detention, malicious prosecution;
>
> 2. Libel, slander, defamation of character or invasion or rights of privacy.

COVERAGE L- PERSONAL LIABILITY

The first paragraph is replaced with the following:

> If a claim is made or a suit is brought against an insured for damages because of bodily injury, personal injury or property damage to which this coverage applies, caused by an occurrence, we will:

SECTION II - EXCLUSIONS do not apply to personal injury.

> Personal injury does not apply:
>
> 1. to liability assumed by any insured under any contract or agreement;
>
> 2. to injury caused by a violation of a penal law or ordinance committed by or with the knowledge or consent of any insured;
>
> . . . .
>
> 6. to injury to you or any insured within the meaning of part a. or b. of the definition of insured;
>
> 7. when you act with specific intent to cause harm or injury;
>
> 8. to any person or property which is the result of your willful and malicious act, no matter at whom the act was directed;

. . . .

[Id. at 42 (emphases omitted).]

State Farm argues that, under these terms and conditions, the claims at issue in the Underlying Action did not arise from an "occurrence," and, even if they did arise from an occurrence, the Policy expressly excludes claims for bodily injury intended or expected by the insured. [Mem. in Supp. of Motion at 1.]

State Farm urges the Court to follow Hawaiian Holiday Macadamia Nut Co. v. Industrial Indemnity Co., 76 Hawai'i 166, 169, 872 P.2d 230, 233 (1994), which requires courts to determine what is an accident from the standpoint of the insured. [Id. at 11.] State Farm also notes that, in Hawaiian Holiday, the Hawai'i Supreme Court stated: "'[I]f the insured did something or . . . failed to do something, and the insured's expected result of the act of omission was the injury, then the injury was not caused by an accident and therefore not . . . within the coverage of the policy . . . .'" [Id. at 11-12 (alterations in original) (some citations omitted) (quoting Hawaiian Holiday, 76 Hawai'i at 170, 872 P.2d at 234 (quoting Hawaiian Ins. & Guar. Co. v. Blanco, 72 Haw. 9, 16, 804 P.2d 876, 880 (1991); Hawaiian Ins. & Guar. Co. v. Brooks, 67 Haw. 285, 290–91, 686 P.2d 23, 27-28 (1984))).]

State Farm also argues that, in determining whether a claim arises from an "occurrence," Hawai'i courts only consider

the factual allegations in the underlying complaint, and the plaintiff's legal theories are not controlling. [Id. at 12-13.] State Farm notes that Bayudan v. Tradewind Insurance Co., 87 Hawai'i 379, 387, 957 P.2d 1061, 1069 (Ct. App. 1998), is illustrative of this argument. [Id. at 13.] State Farm also notes that State Farm Fire & Casualty v. Elsenbach, Civil No. 09-00541 DAE-BMK, 2011 WL 2606005 (D. Hawai'i June 30, 2011), involved a State Farm policy that was identical to the Policy at issue in the instant case. In that case, this district court applied these authorities and concluded that there was no accident or occurrence where the insured assaulted, harassed, and attempted to kill his estranged wife. [Id. at 15.]

State Farm also argues that, as an independent basis to preclude coverage, the Policy's exclusions provide that coverage is not available for bodily injury or property damage "which is either expected or intended by the insured" or "which is the result of willful and malicious acts of the insured[.]" [Id. at 17; Policy at 30 (emphases omitted).] Finally, State Farm argues that, pursuant to Haw. Rev. Stat. § 431:10-240, there is no coverage for punitive, general, or special damages. [Mem. in Supp. of Motion at 17.] State Farm therefore urges this Court to grant the Motion.

## DISCUSSION

### I. Failure to File Concise Statement of Facts

At the outset, this Court notes that Defendant did not

file either a memorandum in opposition or a concise statement of facts. Local Rule 56.1 provides, in pertinent part: "For purposes of a motion for summary judgment, material facts set forth in the moving party's concise statement will be deemed admitted unless controverted by a separate concise statement of the opposing party." Pursuant to Local Rule 56.1(g), this Court DEEMS the material statements of fact set forth in the State Farm CSOF to be ADMITTED. This Court now turns to the merits of the Motion.

**II. Applicable Law Regarding Insurance Contract Interpretation**

Federal jurisdiction in this case is based on diversity. [Complaint at ¶ 2.] In Evanston Insurance Co. v. Nagano, this Court has recognized that:

> Federal courts sitting in diversity apply state substantive law and federal procedural law. See Mason & Dixon Intermodal, Inc. v. Lapmaster Int'l LLC, 632 F.3d 1056, 1060 (9th Cir. 2011) ("When a district court sits in diversity, or hears state law claims based on supplemental jurisdiction, the court applies state substantive law to the state law claims."); Zamani v. Carnes, 491 F.3d 990, 995 (9th Cir. 2007) ("Federal courts sitting in diversity jurisdiction apply state substantive law and federal procedural law." (quotations omitted)). When interpreting state law, a federal court is bound by the decisions of a state's highest court. Trishan Air, Inc. v. Fed. Ins. Co., 635 F.3d 422, 427 (9th Cir. 2011). In the absence of a governing state decision, a federal court attempts to predict how the highest state court would decide the issue, using intermediate appellate court decisions, decisions from other jurisdictions, statutes, treatises, and restatements as guidance. Id.; see also Burlington Ins. Co. v. Oceanic Design & Constr., Inc., 383 F.3d 940, 944 (9th Cir. 2004) ("To the extent this case raises issues of first

> impression, our court, sitting in diversity, must use its best judgment to predict how the Hawai'i Supreme Court would decide the issue." (quotation and brackets omitted)).

891 F. Supp. 2d 1179, 1189 (D. Hawai'i 2012) (quoting Tracy v. USAA Cas. Ins. Co., Civil No. 11–00487 LEK–KSC, 2012 WL 928186, at *6 (D. Hawai'i Mar. 16, 2012) (some citations omitted)). This Court therefore looks to Hawai'i state law for the applicable principles of insurance contract interpretation. Id. at 1189-90.

## A. General Principles under Hawai'i Law

This Court has recognized the following principles of Hawai'i insurance law as set forth by the Hawai'i Supreme Court:

> [I]nsurers have the same rights as individuals to limit their liability and to impose whatever conditions they please on their obligation, provided they are not in contravention of statutory inhibitions or public policy. As such, insurance policies are subject to the general rules of contract construction; the terms of the policy should be interpreted according to their plain, ordinary, and accepted sense in common speech unless it appears from the policy that a different meaning is intended. Moreover, every insurance contract shall be construed according to the entirety of its terms and conditions as set forth in the policy.
>
> Nevertheless, adherence to the plain language and literal meaning of insurance contract provisions is not without limitation. We have acknowledged that because insurance policies are contracts of adhesion and are premised on standard forms prepared by the insurer's attorneys, we have long subscribed to the principle that they must be construed liberally in favor of the insured and any ambiguities must be resolved against the insurer. Put another way, the rule is that policies are to be construed in accord with the reasonable expectations of a

> layperson.
>
> Guajardo v. AIG Hawai'i Ins. Co., Inc., 118 Hawai'i 196, 201-02, 187 P.3d 580, 585-86 (2008) (alteration in Guajardo) (quoting Dairy Rd. Partners v. Island Ins. Co., 92 Hawai'i 398, 411–12, 992 P.2d 93, 106–07 (2000). The Hawai'i Supreme Court has also stated: "[t]he objectively reasonable expectations of [policyholders] and intended beneficiaries regarding the terms of insurance contracts will be honored even though painstaking study of the policy provisions would have negated those expectations. These 'reasonable expectations' are derived from the insurance policy itself . . . ." Del Monte Fresh Produce (Hawaii), Inc. v. Fireman's Fund Ins. Co., 117 Hawai'i 357, 368, 183 P.3d 734, 745 (2007) (citations and some quotation marks omitted) (some alterations in original).

Id. (alterations in Evanston) (quoting U.S. Fire Ins. Co. v. Estate of Campbell, Civil No. 11–00006 LEK–KSC, 2011 WL 6934566, at *4 (D. Hawai'i Dec. 30, 2011)).

## B. Duty to Defend & Duty to Indemnify

This Court has summarized the following relevant aspects of Hawai'i law regarding the duty to defend and the duty to indemnify.

> The burden is on the insured to establish coverage under an insurance policy. See Sentinel Ins. Co. v. First Ins. Co. of Haw., 76 Hawai'i 277, 291 n.13, 875 P.2d 894, 909 n.13 (1994) (as amended on grant of reconsideration); Crawley v. State Farm Mut. Auto. Ins. Co., 90 Hawai'i 478, 483, 979 P.2d 74, 79 (App. 1999). The insurer has the burden of establishing the applicability of an exclusion. See Sentinel, 76 Hawai'i at 297, 875 P.2d at 914.
>
> The duty to indemnify is owed "for any loss or injury which comes within the coverage provisions of the policy, provided it is not removed from coverage by a policy

> > exclusion." Dairy Road Partners v. Island Ins., 92 Hawai'i 398, 413, [992] 922 P.2d 93, 108 (2000). The obligation to defend an insured is broader than the duty to indemnify. The duty to defend arises when there is any potential or possibility for coverage. Sentinel, 76 Hawai'i at 287, 875 P.2d at 904; accord Haole v. State, 111 Hawai'i 144, 151, 140 P.3d 377, 384 (2006) ("if there is no potential for indemnification, then no duty to defend will arise"). However, when the pleadings fail to allege any basis for recovery under an insurance policy, the insurer has no duty to defend. Pancakes of Hawaii, Inc. v. Pomare Props. Corp., 85 Hawai'i 286, 291, 994 [944] P.2d 83, 88 (Haw. Ct. App. 1997)). In other words, for [the insurer] to have no duty to defend, it must prove that it would be impossible for a claim in the underlying lawsuit to be covered by the policy. See Tri–S Corp. v. W. World Ins. Co., 110 Haw. 473, 488, 135 P.3d 82, 97 (2006).
>
> Estate of Rogers [v. Am. Reliable Ins. Co., Civil No. 10–00482 SOM/RLP], 2011 WL 2693355, at *4 [(D. Hawai'i July 8, 2011)]. The Hawai'i Supreme Court has emphasized that the duty to defend applies even if the possibility of coverage is "remote". Tri-S Corp. v. W. World Ins. Co., 110 Hawai'i 473, 488, 135 P.3d 82, 97 (2006). Further, "[a]ll doubts as to whether a duty to defend exists are resolved against the insurer and in favor of the insured." Id.

Id. at 1190-91 (alterations in Evanston) (quoting U.S. Fire v. Campbell, 2011 WL 6934566, at *5).

## III. Whether There is a Covered "Occurrence"

As previously noted, the Policy imposes: a duty to indemnify for damages that insureds are legally obligated to pay because of covered bodily injury, property damage, or personal injury; and a duty to defend against any suit seeking those damages. The Policy, however, only provides coverage for bodily

injury, property damage, and personal injury caused by an "occurrence" that takes place within the policy period and within the coverage territory. [Policy at 29-31, 42.] The central issue in this case is whether the claims asserted against Defendant in the Underlying Action, which are based solely upon allegations of intentional assault and battery, arise from an "occurrence" as that term is defined in the Policy.

The facts in this case are similar to those in State Farm Fire & Casualty v. Elsenbach, Civil No. 09-00541 DAE-BMK, 2011 WL 2606005 (D. Hawai'i June 30, 2011). In Elsenbach, this district court interpreted whether the claims in the underlying complaint arose from a covered "occurrence" under the State Farm insurance policies, which contained the identical language found in the Policy at issue in the current case. Id. at *2-4. Ronda Lee Ramos Elsenbach filed a complaint against her husband, Peter Joseph Elsenbach, asserting that he, *inter alia*: attempted to kill her twice; assaulted and battered her; knowingly, intentionally, recklessly, and/or negligently inflicted severe emotional distress on her; harassed and stalked her; and burglarized her home. Id. at *1. Mr. Elsenbach tendered the defense of these claims to State Farm pursuant to his homeowner's insurance policies. Id. at *2. Consequently, State Farm filed a coverage action seeking declaratory judgment that it had no duty to defend or indemnify Mr. Elsenbach under the policies for the claims asserted against him in the underlying lawsuit or for any

claims that may arise out of the subject matter of the underlying lawsuit. Mr. Elsenbach filed a Counterclaim seeking a declaratory judgment that State Farm had a duty to defend and a duty to indemnify. Id. at *4.

The parties filed cross motions for summary judgment, and the district court granted summary judgment in favor of State Farm as to both the complaint and the counterclaim. Id. at *4, *14. State Farm argued that Mr. Elsenbach's homeowner's insurance policies did not provide coverage for claims that unless they were caused by an "occurrence" or for claims that fell under the intentional act exclusions. The policies in Elsenbach defined "occurrence," in pertinent part, as an "accident" and also excluded "bodily injury or property damage: (1) which is either expected or intended by the insured; or (2) which is the result of willful and malicious acts of the insured." Id. at *8. After considering many of the cases State Farm relies upon in the instant Motion, the district court concluded that Mr. Elsenbach's acts, as alleged in the underlying complaint, could not be construed as an accident and the claims in the underlying complaint were expected or intended result of Mr. Elsenbach's alleged intentional conduct. Id. at *14.

This Court agrees with the analysis used in Elsenbach to determine what constitutes an accident as opposed to what is expected or intended by the insured. The district court in Elsenbach stated that, under Hawai'i law, courts must decide the

question of what is an accident from the viewpoint of the insured. Id. at *11 (quoting Hawaiian Holiday, 76 Hawai'i at 170, 872 P.2d at 234). The district court further noted that "'in order for the insurer to owe a duty to defend or indemnify, the injury cannot be the expected or reasonably foreseeable result of the insured own's intentional acts or omissions.'" Id. (some citations omitted) (quoting Hawaiian Holiday, 76 Hawai'i at 170, 872 P.2d at 234). In Hawaiian Holiday, the plaintiffs in the underlying action alleged, *inter alia*, that the insureds breached their contract by planting the incorrect quantity and type of trees. 76 Hawai'i at 167-68, 170, 872 P.2d at 231-32, 234. The Hawai'i Supreme Court held that insurer had no duty to defend because the conduct was not accidental and did not constitute an "occurrence" within the meaning of the comprehensive general liability policy. Id. at 171, 872 P.2d at 235; see also Hawaiian Ins. & Guar. v. Blanco, 72 Haw. at 18, 804 P.2d at 881 (insured fired rifle in victim's direction, intending to frighten him, but instead injured him and allegedly caused his wife emotional distress; court held that insurer had no duty to defend because the insured fired the rifle intentionally and a reasonable man in the insured's position would expect both the victim might be injured and the victim's wife might suffer emotional injury from witnessing the incident), *overruled on other grounds* by Dairy Road, 92 Hawai'i 398, 992 P.2d 93; Hawaiian Ins. & Guar. v. Brooks, 67 Haw. at 291, 686 P.2d at 27-

28 (from the perspective of insured truck driver, sexual assault of hitchhiker in rear section of vehicle by insured's co-worker was not accidental where insured was aware of attack but did nothing to prevent or mitigate the harm to victim, thereby facilitating the commission of act; court held that insurer had no duty to defend or indemnify), *overruled on other grounds* by Dairy Road, 92 Hawai'i 398, 992 P.2d 93.

This Court also agrees with Elsenbach as it is consistent with the line of cases from the Hawai'i state courts holding that courts should focus solely on the factual allegations in the underlying complaint. See Elsenbach, 2011 WL 2606005, at *11 (citing Oahu Transit Servs., Inc. v. Northfield Ins. Co., 107 Hawai'i 231, 235, 112 P.3d 717, 721 (2005); Bayudan, 87 Hawai'i at 387, 957 P.2d at 1069). By focusing solely on the underlying facts alleged, courts prevent plaintiffs from alleging claims of negligence based on facts that reflect manifestly intentional conduct, just to obtain coverage. Dairy Road, 92 Hawai'i at 417, 992 P.2d at 112. "[W]hen the facts alleged in the underlying complaint unambiguously exclude the possibility of coverage, conclusory assertions contained in the complaint regarding the legal significance of those facts . . . are insufficient to trigger the insurer's duty to defend." Id.

The foregoing cases establish that, under Hawai'i law, whether there is a covered "occurrence" depends on the facts

alleged in the underlying complaint and whether the injury cannot be the expected or reasonably foreseeable result of the insured's own intentional acts or omissions. Examining the facts alleged in the Shimanishi Complaint, this Court concludes that it does not allege an accident triggering coverage under the Policy. The Underlying Complaint solely alleges intentional conduct by Defendant. Shimanishi alleges that Defendant, without consent or warning, forcefully struck Shimanishi several times in the face and head. Even if Defendant did not intend to harm Shimanishi, Shimanishi's alleged injuries and emotional distress are nonetheless the foreseeable result of Defendant's intentional actions. This Court therefore CONCLUDES that Defendant's acts cannot constitute a covered "occurrence" under the Policy.

**IV. Whether the "Intentional Act" Exclusion applies**

Even assuming, *arguendo*, that the alleged assault and battery constituted an "occurrence" as defined in the Policy, State Farm argues that it has no duty to defend or indemnify because of the intentional acts exclusion. As noted *supra*, the Policy contains an exclusion for "bodily injury" which the insured "expected or intended" or which resulted from the insured's "willful and malicious acts[.]" [Policy at 30-31.]

This district court held in State Farm Fire & Casualty Guaranty Co. v. Gorospe, even if the insured's shootings of the decedent could be considered an accident, and therefore an occurrence under the policy, the policy's intentional acts

exclusion applied. 106 F. Supp. 2d 1028, 1033 (D. Hawai'i 2000). The district court rejected the insured's argument that the policy's intentional acts exclusion did not apply because the act was reckless and not intentional. Id. The district court held that the insured's act of shooting "resulted in injuries that were, at the very least, 'expected[,]'" and therefore the policy clearly precluded coverage for the expected injuries. Id. at 1034.

This Court therefore CONCLUDES that, even if the Court found that Defendant's acts constituted an occurrence as defined in the Policy, the intentional acts exclusion would nevertheless be precluded coverage for the claims arising from Defendant's acts.

**CONCLUSION**

On the basis of the foregoing, State Farm's Motion for Summary Judgment, filed March 19, 2013, is HEREBY GRANTED. The Court DIRECTS the Clerk's office to enter judgment in favor of State Farm and close the case.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, June 28, 2013.




/S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**STATE FARM FIRE AND CASUALTY COMPANY V. RUSSELL K. MIYA; CIVIL NO. 12-00487 LEK-BMK; ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**